# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ILLINOIS
# EASTERN DIVISION

| | |
|---|---|
| **RAMIRO GONZALEZ, ANNA SAUCEDO, ADALBERTO GONZALEZ, GUSTAVO GONZALEZ, EURIDICE BRITO and FAMILY BANK AND TRUST, As Trustee,** | |
| Plaintiffs, | Case No. 06 c 3961 |
| v. | Hon. Harry D. Leinenweber |
| **TOWN OF CICERO, LARRY DOMINICK, Individually and as President of the Town of Cicero, MICHAEL DEL GALDO, JOSEPH GIGLIO, GIGLIO and DEL GALDO LLC, LARRY HIPPERT and FRANK AGULAR,** | |
| Defendants. | |

## MEMORANDUM OPINION AND ORDER

Plaintiffs Ramiro Gonzalez, Anna Saucedo, Adalberto Gonzalez, Gustavo Gonzalez, and Family Bank and Trust (hereinafter, collectively, the "Plaintiffs") have filed suit against Defendants Town of Cicero, Larry Dominick, Michael Del Galdo, and Joseph Giglio (hereinafter, collectively, the "Defendants"). Plaintiffs assert a claim under 42 U.S.C. § 1983 as well as pendent state law claims. Before the Court is Defendants' Motion to Dismiss all counts of the amended complaint under Rule 12(b)(6). For the reasons stated below, the Motion to Dismiss is **granted in part** and **denied in part**.

## I. **FACTS**

The Court derives the following facts from the Complaint, accepting all well-pleaded allegations as true and drawing all reasonable inferences in favor of the Plaintiffs. *See McMillan v. Collection Professionals, Inc.*, 455 F.3d 754, 758 (7th Cir. 2006).

Plaintiff Ramiro Gonzalez is the former President of the Town of Cicero and the political opponent of Defendant Larry Dominick, Cicero's current President. Plaintiff Anna Saucedo is the wife of Ramiro Gonzalez and the owner of the beneficial interest in a trust holding property in the Town of Cicero. Plaintiffs Gustavo and Adalberto Gonzalez are the brothers and political supporters of Ramiro Gonzalez. They too own individual parcels of property in Cicero. Defendants Michael Del Galdo and Joseph Giglio are attorneys employed by the Town of Cicero and are political advisors and confidants of Dominick.

Plaintiffs allege that, following his election as President of Cicero, Defendant Dominick conspired with Del Galdo, Giglio, and unknown others to injure the Plaintiffs in order to silence Ramiro Gonzalez. Gonzalez criticized Defendants for charging excessive legal fees, engaging in political patronage, and awarding no-bid contracts to friends and supporters. In order to silence Gonzalez, the Complaint alleges that Defendants:

    (a)   withheld and delayed wages owed by the Town of Cicero to Ramiro Gonzalez;

(b) prevented Ramiro Gonzalez and Anna Saucedo from completing the construction of their house;

(c) cited Adalberto Gonzalez for his failure to construct a fence around vacant property while simultaneously refusing to issue a building permit to construct such a fence; and

(d) refused to allow issuance of an occupancy permit for the home constructed by Gustavo Gonzalez.

Plaintiffs further allege that the home of Ramiro Gonzalez and Anna Saucedo was being built pursuant to properly issued building permits and that the home constructed by Gustavo Gonzalez was in full compliance with all applicable ordinances, codes and inspections.

Based on these facts, Plaintiffs have filed an amended five count complaint. Defendants move to dismiss all five counts under Rule 12(b)(6).

## II. **ANALYSIS**

In reviewing a motion to dismiss under Rule 12(b)(6), the Court only requires a Plaintiff to file "a short and plain statement of the claim showing that the pleader is entitled to relief." FED. R. CIV. P. 8(a). It is not necessary for the complaint to plead extensive facts or identify the legal theories justifying relief. *See Marshall v. Knight*, 445 F.3d 965, 968 (7th Cir. 2006). It is enough that the complaint describes the claim in sufficient detail to "plausibly suggest that the plaintiff has a

right to relief" and give the defendant "fair notice of what the claim is and the grounds upon which it rests." *E.E.O.C. v. Concentra Health Services, Inc.*, 496 F.3d 773, 776 (7th Cir. 2007). Thus, the complaint must allege facts, either directly or inferentially, which are sufficient to set forth the essential elements of the cause of action. *See Looper Maintenance Service Inc. v. City of Indianapolis*, 197 F.3d 908, 911 (7th Cir. 1999); *Glatt v. Chicago Park Dist.*, 847 F.Supp. 101, 103 (N.D. Ill. 1994). Mere vagueness or lack of detail will not compel dismissal, *see Strauss v. City of Chicago*, 760 F.2d 765, 767 (7th Cir. 1985), but pleading which places "undue burden on the court and counsel to determine how plaintiff is here and why" is impermissible. *Kappus v. Western Hills Oil, Inc.*, 24 F.R.D. 123, 128 (E.D. Wis. 1959).

As an initial matter, the Court notes that there are a number of parties named in the caption of the amended complaint whose inclusion is unjustified under even such a forgiving standard of pleading. Plaintiffs attribute the inclusion of Plaintiff Brito and Defendants Aguilar, Hippert, and Del Galdo and Giglio LLC to an inadvertent typographical error, and they appear to concede that these parties should be dismissed from the case. (Pls.' Resp. 3.) In the absence of such a concession, the Court independently finds that Plaintiff Brito has failed to state any grievance or injury and that the remaining Plaintiffs have failed to allege any action or wrongdoing undertaken by Defendants Hippert, Aguilar, and Giglio

and Del Galdo LLC. The above parties are accordingly dismissed without prejudice. *See Black v. Lane*, 22 F.3d 1395, 1401 n.8 (7th Cir. 1994). Additionally, to the extent the caption names Defendant Dominick in his official capacity, that claim will be treated as a suit against the Town of Cicero and the duplicative official-capacity claim against Dominick is dismissed with prejudice. *See Schmidling v. City of Chicago*, 1 F.3d 494, 495 n.1 (7th Cir. 1993).

### A. Count I: Section 1983 Claims

Although not immediately clear, Count I is intended to present a claim under 42 U.S.C. § 1983. (*See* Am. Compl. ¶ 1; Pls.' Resp. 2.) To state a claim under that section, the Plaintiffs must allege that a government official, acting under color of state law, deprived them of rights secured by the Constitution or laws of the United States. *See Christensen v. County of Boone*, 483 F.3d 454, 459 (7th Cir. 2007).

Defendants argue that both the Town and the individual Defendants should be dismissed on all § 1983 claims. Although Plaintiffs do not seek to hold the Town directly liable, (Pls.' Resp. 3), the municipality is still a proper party as the potential indemnifier of the individual Defendants under 745 ILCS 10/9-102. *See Wilson v. City of Chicago*, 120 F.3d 681, 684 (7th Cir. 1997). Defendants' further argument that the complaint fails to allege the individual Defendants' personal involvement in the alleged

deprivations is unpersuasive. Although Plaintiffs must demonstrate that the Defendants personally caused or participated in the alleged constitutional deprivation, *see Wolf-Lillie v. Sonquist*, 699 F.2d 864, 869 (7th Cir. 1983), the Plaintiffs' statement that Defendants "undertook or caused to be undertaken" the acts in question is sufficient. (Am. Compl. ¶ 16.) Officials can be liable under § 1983 either for direct, personal action or for action performed at their direction, *see Smith v. Rowe*, 761 F.2d 360, 369 (7th Cir. 1985), and in this case, Plaintiffs have clearly alleged both.

Defendants' further complaint that Plaintiffs fail to adequately plead a conspiracy is similarly unavailing. Conspiracy is not a necessary element of a § 1983 claim; it merely broadens the scope of liability to encompass individuals who themselves did not directly participate in the constitutional deprivation. *See Pryor v. Cajda*, 662 F.Supp. 1114, 1116 (N.D. Ill. 1987). Given the Plaintiffs' allegations of actual participation by the individual Defendants, the alternative theory of conspiracy is simply not essential to their complaint. Further, even if the Plaintiffs' case did rely on allegations of conspiracy, Defendants have not demonstrated a failure by Plaintiffs to plead it. To establish a *prima facie* case for conspiracy under § 1983, the complaint must allege only (1) an express or implied agreement among Defendants to deprive Plaintiffs of constitutional rights, and (2) actual

deprivations in the form of overt acts in furtherance of that agreement. *See Scherer v. Balkema*, 840 F.2d 437, 442 (7th Cir. 1988). In their amended complaint, Plaintiffs clearly allege the fact of agreement among the Defendants, the approximate time of the agreement, the purpose of the conspiracy, and the overt acts taken in furtherance. Under Rule 12(b)(6), this is enough. Any remaining details about the particular involvement of the individuals in the conspiracy or deprivations can be filled in through subsequent discovery or at trial. *See Thompson v. Huntington*, 69 F.Supp.2d 1071, 1074 (S.D. Ind. 1999).

Defendants' additional argument that a conspiracy claim is barred by the "intra-corporate conspiracy" doctrine is applicable only if the Defendants were acting within the scope of their official duties. *See Payton v. Rush-Presbyterian-St. Luke's Medical Center*, 184 F.3d 623, 632 (7th Cir. 1999). However, the complaint makes no mention as to the scope of the individual Defendants' duties. Indeed, it seems to imply that the Defendants wrongly interfered with permit decisions in which they normally play no part. Because Defendants' argument depends upon facts which are outside the complaint, it is inappropriate at the stage of a motion to dismiss. *See Sotelo v. DirectRevenue, LLC*, 384 F.Supp.2d 1219, 1236 (N.D. Ill. 2005). The complaint therefore should not be dismissed for failure to adequately allege the personal participation of the individual Defendants.

## *1. First Amendment Deprivations*

To state a claim under § 1983 for deprivation of First Amendment rights, Plaintiffs must show: (1) that they were engaged in constitutionally protected activity; (2) that Defendants' actions would chill a person of ordinary firmness from continuing to engage in such activity; and (3) that the Defendants' action was substantially motivated as a response to the exercise of Plaintiffs' constitutional rights. *See Foxworthy v. Buetow*, 492 F.Supp.2d 974, 980 (S.D. Ind. 2007).

The complaint here clearly alleges that Plaintiff Ramiro Gonzalez was engaged in speech on matters of public concern. *See Wilbur v. Mahan*, 3 F.3d 214, 215 (7th Cir. 1993) ("The right to criticize public officials is at the heart of the First Amendment's right of free speech"). The complaint also directly states that the motivating purpose for the Defendants' actions against Plaintiffs was to silence Ramiro Gonzalez's speech. Although the protected conduct and motive for retaliating against Plaintiffs Anna Saucedo, Adalberto Gonzalez, and Gustavo Gonzalez are less directly pled, Defendants do not contest the causal connection, and the Court notes that existing law provides a possible basis for their claims. *See Newborn v. Morrison*, 440 F.Supp. 623, 627 (S.D. Ill. 1977) (finding violation of marital association rights under § 1983 for dismissal of a teacher based solely on the speech and activity of her husband); *Toronyi v. Barrington Community Unit*

*School District 220*, 2005 WL 388568 *6 (N.D. Ill. 2005) ("standing by" the speech of another could constitute expressive conduct protected by the First Amendment).

Defendants primarily argue that the complaint fails to allege an injury which would chill Plaintiffs' speech. However, the Defendants' conclusory arguments are unpersuasive. Any deprivation that "is likely to deter the exercise of free speech" is actionable. *Power v. Summers*, 226 F.3d 815, 820 (7th Cir. 2000). *See also DeGuiseppe v. Village of Bellwood*, 68 F.3d 187, 192 (7th Cir. 1995) ("Under the law of this Circuit, retaliation need not be monstrous to be actionable under the First Amendment; it need merely create the potential for chilling employee speech on matters of public concern."). The alleged interference with the Plaintiffs' ability to complete or maintain their homes is an action which affects a deeply personal, universally recognized, and sacred interest. *See, e.g., Frisby v. Schultz*, 487 U.S. 474, 484 (1988). The alleged withholding of wages and refusal to issue a certificate of occupancy threatens the income and livelihood of Plaintiffs Ramiro and Gustavo Gonzalez. *Cf. Power,* 226 F.3d at 821 (denial of several hundred dollar raise could be sufficient to chill expression). This Court simply cannot find that actions threatening a person's home or economic security are incapable of chilling the speech of a person of ordinary firmness. The Defendants' argument that any such deprivations could be remedied

by administrative review does not undermine the temporary injury and chilling impact of these alleged actions. Defendants' Motion to Dismiss is therefore denied as it relates to § 1983 claims for the deprivation of First Amendment rights.

### *2. Rights Under the Fifth and Fourteenth Amendments*

Although Plaintiffs also allege deprivation of their rights under the Fifth and Fourteenth Amendments, the specific basis for their claims is not clear and no meritorious arguments appear on the face of their complaint. Because the complaint does not allege an actual physical taking or the denial of all beneficial use of their land, the Plaintiffs fail to state a claim of unlawful "taking" under the Fifth and Fourteenth Amendments. *See Lucas v. South Carolina Coastal Council*, 505 U.S. 1003, 1015 (1992). Further, any claim under the Due Process Clause of the Fourteenth Amendment is precluded by the complaint's failure to identify either the procedural review available to Plaintiffs or the supposed inadequacies of such procedures. *See Daniels v. Williams*, 474 U.S. 327, 339 (1986) ("[A] complaint does not state a valid procedural due process objection – and a valid § 1983 claim – if it does not include a challenge to the fundamental fairness of the State's procedures.").

The facts and allegations set forth clearly show that the fundamental grievance in this case is the alleged retaliation of Defendants in response to Ramiro Gonzalez's speech. While such

allegations may touch upon other constitutional guarantees, the fundamental claim is a violation of Plaintiffs' First Amendment rights, and it therefore should be analyzed as such. *Cf. Albright v. Oliver*, 510 U.S. 266, 273 (1994)("When a particular amendment provides an explicit textual source of constitutional protection against a particular sort of government behavior, that amendment, not the more generalized notion of substantive due process must be the guide for analyzing these claims."). Any claims made under the Fifth or Fourteenth Amendment are therefore dismissed without prejudice.

### B. Count II: Failure and Delay in Paying Wages

The Defendants do not seriously contend that Count II fails to state a claim upon which relief may be granted. Ramiro Gonzalez makes a straightforward and clear allegation that the Town of Cicero withheld and delayed payment of wages owed to him. Drawing all reasonable inferences in favor of the Plaintiff, this allegation is enough to state a basic claim for breach of contract. The allegation reasonably implies that a work agreement or contract existed, that Ramiro Gonzalez performed his duties, that the Town failed to pay him for that work, and that Gonzalez has been harmed by the failure to pay. *See Chandler v. Southwest Jeep-Eagle, Inc.*, 162 F.R.D. 302, 311 (N.D. Ill. 1995) (stating elements for breach of contract). Although lacking in details, the allegation is sufficient to put the Town of Cicero on notice of Plaintiff's

grievance and allow it to respond. *Cf. Petri v. Gatlin*, 997 F.Supp. 956, 965 (N.D. Ill. 1997). Under Rule 12(b)(6), this is sufficient. *See Erickson v. Pardus*, 127 S.Ct. 2197, 2200 (2007). Arguments by Defendants that the final paycheck has been delivered and the claim resolved is a factual contention inappropriate in a motion to dismiss. *See Walker v. Gibson*, 604 F.Supp. 916, 920 (N.D. Ill. 1985). Defendants' Motion to Dismiss Count II is denied.

### C. Counts III and IV: Deprivation of Property

Counts III and IV, Plaintiffs seem to allege that the refusal to issue building and occupancy permits has interfered with their ownership rights and deprived Plaintiffs of "property rights recognized by Illinois law." However, the Plaintiffs have no right to be free from municipal regulation of their property. *See Village of Beckmeyer v. Wheelan*, 212 Ill.App.3d 287, 295 (5 Dist. 1991) (municipality may regulate private property to protect public interest); *13 Am.Jur.2d Building § 12* (municipalities generally have the power to require building permits). Nor do Plaintiffs identify any Illinois statute or Cicero ordinance that grants them an absolute, affirmative right to the permits they desire. While Plaintiffs might be able to allege that the denial of the permits was without due process of law, the amended complaint is utterly silent as to the applicable process or any deficiencies it may have. To the extent the Plaintiffs instead are attempting to

allege the deprivation of some other property right secured by Illinois law, their complaint fails the fundamental requirement of Rule 12(b)(6) to provide the Defendants and this Court with adequate notice of the "gravamen of [their] complaint." *Doherty v. City of Chicago*, 75 F.3d 318, 326 (7th Cir. 1996). *See also*, *61A Am.Jur.2d Pleading § 184* (2007) (dismissal is proper where "it is impossible to determine on what law the plaintiff was relying, and it is therefore impossible for the defendants to prepare a defense."). Counts III and IV are therefore dismissed without prejudice.

**D. Count V: Intentional Infliction of Emotional Distress**

To establish a claim for intentional infliction of emotional distress ("IIED") under Illinois law, Plaintiffs must allege: (1) that the conduct involved was truly extreme and outrageous; (2) that the defendants intended for their conduct to inflict severe emotional distress or should have known that there was a high probability of such distress; and (3) the conduct in fact caused severe emotional distress. *See McGrath v. Fahey*, 126 Ill.2d 78, 86 (1988). Even were the Court to consider the conduct here truly extreme and outrageous, the complaint utterly fails to allege that Plaintiffs suffered severe emotional distress or that Defendants intended such distress or should have known it would be caused. Although the Court will indulge all possible inferences in favor of the Plaintiffs, it cannot transform the pleading of a legal

conclusion into a well-stated claim for relief. Count V is therefore dismissed without prejudice.

The Defendants request that Count V instead be dismissed *with prejudice*, arguing that the IIED claim is barred by various provisions of the Illinois Tort Immunity Act, 745 ILCS 10/1-101 *et seq*. Ordinarily, affirmative defenses are an inappropriate basis for dismissal under Rule 12(b)(6), since such defenses do not undercut the adequacy of the claim. *See Deckard v. General Motors Corp.*, 307 F.3d 556, 560 (7th Cir. 2002). However, dismissal is permitted where the allegations of the complaint set forth everything necessary to demonstrate the affirmative defense. *See U.S. v. Lewis*, 411 F.3d 838, 842 (7th Cir. 2005).

The complaint in this case does not plead itself into the defense of immunity. The complaint sheds no light on the individual Defendants' authority to engage in permit decisions or the scope of their discretion and policy making authority. A determination of Defendants' immunity under sections 2-201 and 2-206 is therefore inappropriate at this time. Nor is dismissal under section 2-202 justified, since the allegations of the complaint clearly imply that the actions of Defendants were willful and wanton. *See Doe v. Calumet City*, 161 Ill.2d 374, 390 (defining willful or wanton conduct under the Tort Immunity Act to include an actual or deliberate intention to cause harm). Because the corresponding claims of immunity for the Town of Cicero under

Sections 2-104 and 2-109 necessarily depend on the individual Defendants' ability to demonstrate immunity, they too are unsuccessful at this time, and the Court denies the Defendants' request that Count V be dismissed with prejudice.

### III. CONCLUSION

For the reasons stated herein, the Defendants' Motion to Dismiss is **granted in part** and **denied in part** as follows:

1. The Fifth and Fourteenth Amendment claims of Count I are dismissed without prejudice; the claim of deprivation of First Amendment rights is allowed;

2. The Motion to Dismiss is denied as to Count II;

3. Counts III, IV, and V are dismissed without prejudice.

**IT IS SO ORDERED.**

  Harry D. Leinenweber, Judge
  United States District Court

**DATE:** February 21, 2008