IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| RAMIRO GONZALEZ, ANNA SAUCEDO, ADALBERTO GONZALEZ, GUSTAVO GONZALEZ, and FAMILY BANK AND TRUST, As Trustee, | |
| Plaintiffs, | Case No. 06 C 3961 |
| v. | Hon. Harry D. Leinenweber |
| LARRY DOMINICK, Individually, MICHAEL DEL GALDO, JOSEPH GIGLIO, GIGLIO and DEL GALDO LLC, and the TOWN OF CICERO, | |
| Defendants. | |

MEMORANDUM OPINION AND ORDER

Before the Court is Defendants' Motion to Dismiss and for the Imposition of Sanctions against Plaintiff, Ramiro Gonzalez (hereinafter, "Gonzalez").  For the reasons stated below, the Court finds that dismissal is unwarranted and instead imposes lesser sanctions.

I.  DISCUSSION

Defendants argue that Gonzalez committed a fraud upon the Court by misrepresenting at a January 20, 2009, hearing and in his related moving papers that he had no ownership interest in certain property located in Cicero, Illinois, and that the

property was owned solely by his wife, Anna Saucedo, who also is a plaintiff in this action.  At the January 20 hearing, Gonzalez asked the Court to enjoin Defendant Town of Cicero (hereinafter, the "Town") from barring his candidacy in an upcoming mayoral election.  It was the Town's position that Gonzalez was barred by local ordinance from running for public office in Cicero because he owed the Town money on outstanding citations, liens, and judgments on the subject property.

It was Gonzalez's position that since he did not own the property those citations, liens, and judgments were not his obligations and could not constitute grounds for barring him from the mayoral race.  In his petition for injunctive relief, Gonzalez stated, "Plaintiff, FAMILY BANK AND TRUST COMPANY, is Trustee under Trust Agreement dated December 6, 2004, known as Trust Number 9-799, the title holder of [the Cicero property]." Gonzalez stated further in the petition, "Plaintiff, ANNA SAUCEDO, is the wife of RAMIRO GONZALEZ, is and has, at all times relevant hereto, been the sole beneficiary of Trust number 9-799."  In this same vein, Gonzalez's counsel stated to the Court at the January 20 hearing, "[Defendant] Larry Dominick, your honor, caused these so-called judgments to be made against Ramiro Gonzalez's home owned by his wife, not by him  . . . ," and "That is the problem.  It is all connected to

the house, construction of the house on property that his wife owns." Gonzalez's counsel also stated that debt on the property such as the water bill is owed only by the property owner and "[n]ot Mr. Gonzalez, and that is the invidious insidious evil about what they are doing."

Gonzalez's claims that his wife was the sole beneficiary of Trust Number 9-799 and that he did not have any interest in the Cicero property were false. Gonzalez and his wife placed the property in trust in December 2004 and according to the Trust Agreement the beneficiaries of the trust are as follows: "Anna Saucedo, AN UNDIVIDED 50% INTEREST, with full power to assign any or all right, title or interest herein or otherwise dispose of in any other manner, and Ramiro Gonzalez, AN UNDIVIDED 50% INTEREST, with full power to assign any or all right, title or interest herein or otherwise dispose of in any other manner." The Trust Agreement bears the signature of both Gonzalez and his wife. Thus, Gonzalez has had, since December 2004, a 50% equitable interest in the Cicero property.

Gonzalez attributes his misrepresentation to a misunderstanding. His wife executed several trust-related documents in January 2005 which affected her 50% interest in the trust in order to secure a construction loan and, Gonzalez insists, he believed that his role was merely as guarantor of

that loan.  Gonzalez's purported belief is belied by the
documents.  The December 2004 Trust Agreement, which Gonzalez
produced in the early stages of this litigation, predates the
January 2005 documents and clearly notes that Gonzalez has a
beneficial interest in the trust that is separate from and
equal to his wife's interest.  Gonzalez produced no subsequent
documents indicating that his interest in the property was
transferred, assigned, or disposed of and he does not claim
that his interest has been affected in any way since December
2004.  Given these facts, Gonzalez's explanation that he merely
misunderstood the nature of his interest in the property is not
credible.

Federal Rule of Civil Procedure 11(b) provides:

> By presenting to the court a pleading,
> written motion, or other paper--whether by
> signing, filing, submitting, or later
> advocating it--an attorney or
> unrepresented party certifies that to the
> best of the person's knowledge,
> information, and belief, formed after an
> inquiry reasonable under the circumstances
> . . . (3) the factual contentions have
> evidentiary support or, if specifically so
> identified, will likely have evidentiary
> support after a reasonable opportunity for
> further investigation or discovery.

FED. R. CIV. P. 11(b).  Here, documents within Gonzalez's own
possession, and produced by his attorneys, reveal that his
representation to the Court that he had no interest in the

Cicero property was false.  Under Rule 11(c)(1), "If, after notice and a reasonable opportunity to respond, the court determines that Rule 11(b) has been violated, the court may impose an appropriate sanction on any attorney, law firm, or party that violated the rule or is responsible for the violation."

Gonzalez violated Rule 11(b)(3) by making a misrepresentation to the Court which he either knew, or easily could have determined by reviewing his own documents and consulting with his attorneys, was false.  This misrepresentation was one of the grounds upon which Gonzalez initiated expedited preliminary injunction proceedings, although Gonzalez's efforts ultimately were unsuccessful.

Defendants ask the Court to dismiss Gonzalez as a plaintiff in this case or, in the alternative, to order Gonzalez to pay Defendants' attorneys fees.  The Court has inherent discretion to impose sanctions for abuses of the judicial process but the sanctions imposed must be proportional to the circumstances of the case.  *Langley by Langley v. Union Elec. Co.*, 107 F.3d 510 (7th Cir., 1997).

In determining an appropriate sanction, the Court considers the prejudice to Defendants, the prejudice to the judicial system, the need to punish Gonzalez, and the need to

deter similar conduct in the future. *APC Filtration, Inc. v. Becker*, No. 07-1462, 2007 WL 3046233, at *5 (N.D.Ill., Oct. 12, 2007). "[A] district court's inherent power to sanction for violations of the judicial process is permissibly exercised not merely to remedy prejudice to a party, but also to reprimand the offender and to deter future parties from trampling upon the integrity of the court." *Salmeron v. Enterprise Recovery Systems, Inc.*, 579 F.3d 787, 797 (7th Cir., 2009). Dismissal with prejudice is the most severe sanction and is reserved for extreme cases such as where the entire case is spurious. *See Jimenez v. Madison Area Technical College*, 321 F.3d 652 (7th Cir., 2003). Nonetheless, the Court is mindful that false testimony is "a flagrant affront to the truth-seeking function of adversary proceedings" and courts should neither condone nor tolerate it. *ABF Freight System, Inc. v. N.L.R.B.*, 510 U.S. 317, 323 (1994).

Gonzalez's false statement was in connection with the preliminary injunction proceeding which was a satellite proceeding concerning his candidacy for mayor and not involving the issues in the underlying litigation. He was unsuccessful because the Court found that it lacked jurisdiction to grant him the relief he was seeking. Hence the false statement did not relate at all to this litigation and thus did not prejudice

Defendants.   Nonetheless, some punishment is appropriate in order to deter Gonzalez from such conduct in the future.   With these considerations in mind, the appropriate sanction is to award Defendants the attorneys fees and costs they incurred in connection with defending against the preliminary injunction and in bringing the instant motion for sanctions.   The Court awards Defendants only those attorneys fees and costs that are reasonable.

## II.   **CONCLUSION**

For the reasons stated herein, the Court hereby orders Plaintiff Ramiro Gonzalez to pay the reasonable attorneys fees and costs incurred by Defendants in defending against Gonzalez's January 14, 2009, petition for preliminary injunction and in bringing the instant motion for sanctions. **IT IS SO ORDERED.**

_____
Harry D. Leinenweber, Judge
United   States   District
Court

**DATE:**      December 8, 2009