# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Harry D. Leinenweber | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| CASE NUMBER | 06 C 3961 | DATE | 6/28/2012 |
| CASE TITLE | Gonzalez et al. Vs. Dominick et al | | |

**DOCKET ENTRY TEXT**

Defendants' motion for summary judgment [Dkt. No. 187] is granted. Defendants' motion to strike Plaintiff's responses to Defendants' statement of facts is granted in part and denied in part. Defendants' motion for fees and costs as a sanction under Rule 11 is denied.

■[ For further details see text below.]

Docketing to mail notices.
Mailed AO 450 form.

# STATEMENT

Before the Court is Defendants' motion for summary judgment, Defendants motion to strike Plaintiffs' denial of Defendants' statements of fact, and Defendants' motion for attorney's fees and costs as a Rule 11 sanction. For the following reasons, the motion for summary judgment is granted; the motion to strike is granted in part and denied in part; the motion for attorney's fees and costs is denied.

## I. BACKGROUND

Plaintiff Ramiro Gonzalez ("Ramiro") is the past president of the Town of Cicero. He lost his 2005 bid for re-election; Defendant Larry Dominick ("Dominick") won. Prior to the election, Ramiro and his wife, Plaintiff Anna Saucedo ("Saucedo") received permits to build their home at 3624 South 61st Avenue in Cicero ("The Ramiro Property"). Ramiro's brother, Gustavo Gonzalez ("Gustavo") also had received permits prior to the election to build his home at 3603 South Central Avenue in Cicero ("The Gustavo Property"). Ramiro's other brother, Adalberto Gonzalez ("Adalberto"), purports to be the owner of a vacant lot at 3604 South Central Avenue ("The Adalberto Property"). All three claim under 42 U.S.C. § 1983 that shortly after Ramiro lost the election and Dominick was sworn in, they were retaliated against for Ramiro's First Amendment speech opposing Dominick's election and voicing concern for how Dominick used town funds. The campaign against Plaintiffs allegedly consisted of inspections of The Ramiro and Gustavo Properties, issuances of stop-work orders and denials of work and occupancy permits. Adalberto was issued citations for failure to construct a fence around his property. Also named as a Plaintiff is Family Bank and Trust, as Trustee ("The Trust"), of the Ramiro Property.

Plaintiffs also sued the village of Cicero as indemnifier of Dominick. Attorneys Michael Del Galdo and Joseph Giglio, who acted as Cicero attorneys, are also accused of First Amendment retaliation. All individual defendants are also accused of § 1983 conspiracy. Lastly, Ramiro alleged that the village withheld

| STATEMENT |
|---|

some of his final salary payments without cause. This survived a motion to dismiss as a contract claim, but Plaintiffs withdrew that count in responding to the motion for summary judgment. Accordingly, all that remains are Plaintiffs' allegations of First Amendment retaliation and conspiracy.

Defendants have moved for summary judgment and to strike Plaintiffs' response to Defendants; statements of facts for failure to comply with Local Rule 56.1. They also move for attorney's fees as a sanction for filing a frivolous lawsuit.

## II. LEGAL STANDARD

To prevail on their § 1983 retaliation claim, Plaintiffs need to prove (1) that they were engaged in constitutionally protected speech; (2) that public officials took adverse actions against them; and (3) that the adverse actions were motivated at least in part as a response to the Plaintiffs' protected speech. *Springer v. Durflinger*, 518 F.3d 479, 483 (7th Cir. 2008).

Summary judgment is proper where there is no showing of a genuine issue of material fact in the pleadings, depositions, answers to interrogatories, admissions to file, and affidavits, and where the moving party is entitled to judgment as a matter of law. *Id.* Summary judgment is the "put up or shut up" moment in a lawsuit. *Id.* If a movant alleges sufficient facts that would require summary judgment, the non-moving party may not rest on his pleadings, but must put forth evidence showing a dispute as to a material fact exists. *Scaife v. Cook County*, 446 F.3d 735, 740 (7th Cir. 2006).

In a motion for summary judgment, Local Rule 56.1(b)(3)(B) requires that a party opposing summary judgment, if it disagrees with a movant's statement of fact, deny those facts in a numbered response with "specific references to the affidavits, parts of the record, and other supporting materials relied upon." L.R. 56.1(b)(3)(B). The local rule also requires that any additional facts establishing denial of summary judgment are required be put forth by the non-movant in "a statement, consisting of short numbered paragraphs" and include "references to the affidavits, parts of the record, and other supporting materials relied upon." L.R. 56.1(b)(3)(C).

"The obligation set forth in Local Rule 56.1 'is not a mere formality.'" *Delanaz v. Richardson*, 634 F.3d 895, 899 (7th Cir. 2011) (internal citations omitted). "The rule is designed, in part, to aid the district court, 'which does not have the advantage of the parties' familiarity with the record to locate the relevant information.'" *Id*.

## III. ANALYSIS
### A. Plaintiff's Failure to Adhere to Local Rule 56.1

The Court first notes that many of the facts from the above-mentioned background section come from Plaintiffs' complaint, because Plaintiffs failed to enter many of them into evidence by citing them in their statement of additional facts. Additionally, all of Plaintiffs' denials of Defendants' statements of fact (save one) are without citation to the record. *See* ECF No. 194-3 (denying Defendants' facts without citation, save for denial D28, which quotes a deposition). The Court grants Plaintiff's motion to strike those denials and accepts as true Defendants' statement of facts.

Additionally, nowhere in their statement of additional facts do plaintiffs identify what speech engendered the alleged retaliation. *See* ECF 194-4. Without this, Plaintiffs have failed to show they were engaged in Constitutionally protected activity, and their action fails.

### B. Minimal Evidence of Speech

Even if the Court were to generously ignore the Plaintiff's disregard for Local Rule 56.1, it would not help. The only place Plaintiff makes any hint at what speech triggered the alleged retaliation is in one phrase, consisting of four words: "running for Town President." Pls.'s Mem., 5. That is the sum total of Plaintiff's evidence of what speech is at issue here. First, the Court notes that based on those four words alone,

**STATEMENT**

Gustavo's and Adalberto's actions must fail, because they were not the candidate and thus did not engage in the protected activity of "running for Town President." As this Court noted in its ruling on the motion to dismiss, the family members of Ramiro could conceivably be covered under a retaliation claim if they could show they were retaliated for speech of their own, such as "standing by" Ramiro. *Gonzalez et al. v. Town of Cicero, et al.*, No. 06-3961, 2008 U.S. Dist. LEXIS 12800 at *10 (N.D. Ill. Feb. 21, 2008). That has not been done.

The Court also noted in the ruling on the motion to dismiss that cases have found First Amendment retaliation against a party solely based on the speech and activity of a spouse because it violated marital association rights, so for the moment, the Court will assume, without finding, that Saucedo and possibly the Trust (controlled jointly by Ramiro and Saucedo) make it past this evidentiary hurdle.

### C. No Evidence of Causation, Conspiracy

Even if those three Plaintiffs remain, there is simply no evidence of causation in this case, the last element needed for First Amendment retaliation. No depositions of any Defendants are offered. The only thread upon which Plaintiffs can claim causation is that shortly after the election, bad things started happening to them. "[T]iming alone is insufficient to establish a genuine issue of material fact to support a retaliation claim." *Springer v. Durflinger*, 518 F.3d 479, 485 (7th Cir. 2008). Plaintiffs claim that a town official at first told Gustavo that a permit for his property would be issued, but then backtracked, saying that the file was in the President's office and the legal department and he could not help them. Plaintiffs offer no timeframe for this conversation, so it is difficult to establish the turnaround was retaliation. Even assuming the timing supports retaliation, there is just no evidence that Defendants' motivation for issuing the stop-work orders and permit denials was Plaintiff's speech. "Speculation is not sufficient to overcome summary judgment." *Trigillo v. Snyder*, No. 03-3241, 2006 U.S. Dist LEXIS 28598, at *35 (C.D. Ill. May 10, 2006). With no evidence that speech was the motivation for Defendants' actions, there is also no evidence of a conspiracy to deny Plaintiffs' Constitutional rights. Both actions fail.

### D. Defendants' Motion for Attorney's Fees and Costs

Defendants request reasonable attorney's fees and costs, arguing that Plaintiffs' lack of evidence makes this lawsuit frivolous under Federal Rule of Civil Procedure 11. They cite two cases in support of their argument: *Cuna Mutual Insurance Society. v. Office and Professional Employees International Union, Local 39*, 443 F.3d 556, 560 (7th Cir. 2006) and *National Wrecking Co. International Brotherhood of Teamsters, Local 731*, 990 F.2d 957, 963 (7th Cir. 1993). Defendants offer no further argument, and the Court finds these cases inapposite. In one of those cases, sanctions were not imposed. In the other, the Court ruled that the law on challenging arbitration decisions was so settled that Plaintiff's arguments were frivolous. Here, Plaintiffs survived a motion to dismiss and while their summary judgment efforts were hardly stellar, Gustavo's testimony that a Cicero employee did an about-face after the permit matter went to the president and the legal department does at least make Plaintiffs' claims colorable in this instance. The motion is denied.

### IV. **CONCLUSION**

The Defendants' motion for summary judgment is granted. The Defendants' motion to strike Plaintiffs' denial of their statements of fact is granted, save for the answer to denial D28. *See* ECF No. 194-3, ¶D28. The Defendants' motion for attorney's fees and costs are denied.